UNION STOCK YARDS NATIONAL BANK OF SOUTH OMAHA
v. BOARD OF COUNTY COMMISSIONERS OF THURSTON
COUNTY.*

FILED JULY 1, 1902. No. 11,892.

Commissioner's opinion, Department No. 2.

1. **County Board**: BILL OF EXCEPTIONS: SETTLEMENT. A bill of excep-
tions of the evidence offered in a proceeding before the board
of county commissioners must be signed, settled, and allowed
by the chairman of such board.

2. ————: ASSESSMENT: CORRECTIONS: LIMITATION. A board of county
commissioners, under the provisions of section 1, article 2, chap-
ter 77, of the Compiled Statutes, has the authority to correct
errors and omissions in the assessment rolls of the county
of which they are commissioners "within six months from
the time the taxes would, if regularly assessed, have become
delinquent."

ERROR from the district court for Thurston county.
Tried below before GRAVES, J. *Affirmed.*

*Day & Whitcomb,* for plaintiff in error.

*H. Chase,* contra.

OLDHAM, C.

This is a proceeding in error in this court which seeks
to review the judgment of the district court of Thurston
county, Nebraska, in dismissing a petition in error filed
in the district court of that county by the Union Stock
Yards National Bank for the purpose of reviewing the
proceedings of the board of county commissioners of
Thurston county in correcting an alleged error in the as-
sessment of 550 head of cattle as the property of the plain-
tiff in error. The allegations of the petition in error filed
in the district court of Thurston county were: (1) that
the judgment of the board of county commissioners was
contrary to the evidence; (2) that it was not supported

*Rehearing allowed. Judgment below reversed. See opinion, page
410, *post.*

by sufficient evidence; (3) that the order and judgment of the board is contrary to law.

A pretended bill of exceptions, containing the evidence offered before the board of county commissioners at the hearing, was filed with the petition in error in the district court; but this bill of exceptions does not purport to contain "all the evidence offered or given on the hearing of such proceeding," nor does it appear to be signed, settled, and allowed by the presiding officer of the board of county commissioners as provided for by section 311 of the Code of Civil Procedure, but is simply certified to by the county clerk of Thurston county as "the original bill of exceptions in the cause in which the board of county commissioners of Thurston county is plaintiff and the Union Stock Yards National Bank of South Omaha is defendant." It follows from an unbroken line of decisions of this court that this bill of exceptions could not and should not have been considered by the learned trial judge in determining whether or not the evidence introduced at the hearing before the county commissioners was sufficient to support its judgment and finding; and as the county board is given the authority by section 1, article 2, chapter 77, Compiled Statutes, to correct errors and omissions in the assessment rolls of the county in which they act "within six months from the time the taxes would, if regularly assessed, have become delinquent," and as the record in this case shows that the order complained of was made within the time prescribed, this judgment of the county board appears to have been duly authorized, and we therefore recommend that the judgment of the district court be affirmed.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed on December 17, 1902:

Commissioner's opinion, Department No. 2.

1. **Personal Property:** OWNERSHIP: LEGAL TITLE. The owner of personal property within the meaning of the tax laws, is the person who has the legal title thereto.

2. **Evidence.** Evidence examined, and *held* not sufficient to support the judgment of the district court.

OLDHAM, C.

This case was before us on the 6th day of May, 1902, and the judgment of the district court was affirmed, because supported by the pleadings. At that time we declined to examine into the question of the sufficiency of the testimony to support the judgment, because it appeared to us that no bill of exceptions containing the testimony introduced before the board of county commissioners had been properly settled and authenticated. On rehearing our attention is called to the fact that there is a certificate that the bill of exceptions contains all the evidence introduced in the proceeding before the county commissioners, and that this certificate appears to have been signed by the chairman of the board, which is supported by an admission of counsel for the board, to which our attention was not called at the first hearing. In view of this, we think our former judgment was based on a too technical construction of an informal certificate authenticating the bill of exceptions, and that in the interest of justice we should examine the allegation contained in the bill of exceptions that the finding of the board is not supported by sufficient evidence. As appears from the statement contained in our former opinion, this controversy arose between the board of county commissioners of Thurston county and the Union Stock Yards National Bank, of South Omaha, over the assessment, in 1899, of 550 head of cattle, valued at $4,620. These cattle, or a similar number, were assessed in that year as the property of the Omaha National Bank,

by the assessor of one of the townships in Thurston county. Within six months of the time that the tax on these cattle would, if they had been regularly assessed, have become delinquent, by a resolution of the county board a notice was served on the plaintiff in error in this case, and proceedings instituted as provided for in section 1, article 2, chapter 77, Compiled Statutes, to correct an error in the name in the assessment of these cattle and have the name of the owner of this property changed on the assessment rolls from the Omaha National Bank to the Union Stock Yards National Bank. The bank appeared in response to this notice, and filed an answer denying that it was the owner of any cattle in Thurston county at any time, or that it had ever had any interest in any cattle that had ever been in Thurston county, except as mortgagee. It also denied that any cattle in which it was ever interested as mortgagee had been in Thurston county on the 1st day of April, 1899. There was no dispute as to any material fact in the testimony taken at the hearing before the county board. It clearly appeared that the firm of Rockwell & Co. owned 550 head of cattle and had wintered them in Dakota county, Nebraska. It also appeared that one of the members of this firm resided in Dakota county, and that the other resided in Douglas county, Nebraska. It also appeared that these cattle had been mortgaged to secure an indebtedness to the firm of Perine, Cook & Co., and that the note secured by this mortgage had been sold for value to the Union Stock Yards National Bank before the 1st day of April, 1899, so that the only interest that the bank had in these cattle was as mortgagee. The owner of property, within the meaning of the tax laws, is the person who has the legal title thereto; and it has been the uniform holding of this court that the legal title to property pledged by chattel mortgage remains in the mortgagor until divested by foreclosure proceedings and sale in pursuance to law. *Murray v. Loushman,* 47 Nebr., 256, 258, and cases cited. It is plain to us that under these undisputed facts the county board

had no right to correct an error in the assessment rolls of that county by charging these cattle to the Union Stock Yards National Bank, because, in the first place, they were not owned by the bank, and in the second place they were not in Thurston county on the 1st day of April, 1899, but were in Dakota county, where they had been kept during the winter, and where one of the members of the firm who owned the cattle resided, and there they should have been assessed as the property of the owners, Rockwell & Co.

It is therefore recommended that the former judgment of this court be set aside and vacated, and that the judgment of the district court be reversed and the cause remanded for further proceedings.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court is set aside and vacated, and the judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.